IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ANTHONY ROBINSON *also known as Todd Anthony Glover*, ) ) ) | |
| Petitioner, ) ) | Civil Action No. 20-376<br>District Judge Marilyn Horan/<br>Magistrate Judge Maureen P. Kelly |
| v. ) ) | |
| ORLANDO HARPER, ) ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a state court pre-trial detainee (the "Petition"), be dismissed pre-service because Petitioner fails to show that he exhausted his state court remedies or that extraordinary circumstances exist that would merit the grant of the Petition.

**II.  REPORT**

**A.  Factual and Procedural History**

Todd Anthony Robinson, also known as "Todd Glover" ("Petitioner"), has multiple convictions under both names,[1] including a 1997 conviction for criminal homicide, for which he

---

[1] Petitioner's convictions under the name of "Todd Glover" may be found at:
https://ujsportal.pacourts.us/DocketSheets/CourtSummaryReport.ashx?docketNumber=CP-02-CR-0016671-1995&dnh=BE%2bZTKo%2fIfy82%2fhISVB%2ffg%3d%3d
(site last visited April 28, 2020).

Petitioner's convictions under the name Todd Robinson may be found at:
https://ujsportal.pacourts.us/DocketSheets/CourtSummaryReport.ashx?docketNumber=CP-02-CR-0008906-2017&dnh=iGSdERlTsvBD8wQ5DT533w%3d%3d
(site last visited April 28, 2020).

was sentenced to 15 to 40 years of incarceration. Petitioner has submitted for filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking to challenge his custody in the Allegheny County Jail where he is being held as a pre-trial detainee with respect to charges stemming from an incident arising on April 24, 2017. The incident began when two police officers encountered Petitioner asleep in a car in Wilkinsburg, Pennsylvania. After awakening him, receiving his identification as Todd Robinson, running a check under that name, and receiving a response from dispatch that there were no outstanding warrants, the police permitted Petitioner to drive away. However, shortly thereafter, the police dispatcher radioed to the police officers that Petitioner did have a warrant due to a state parole violation. The police officers then stopped Petitioner again. During this second encounter, Petitioner apparently placed his car in drive, nearly hitting the two officers. Petitioner was shot in the course of attempting to flee by driving away.

As a consequence of this incident, Petitioner now faces charges of, *inter alia*, two counts of aggravated assault, possession of a prohibited firearm, firearms not to be carried without a license, fleeing or attempting to elude an officer, and two counts of recklessly endangering another person, (collectively, "the Pending Charges").[2]

In the instant Petition, Petitioner had sought to challenge his pre-trial custody stemming from the Pending Charges, asserting, essentially four grounds for relief:

> **GROUND ONE:** A welfare check ripened into an Investigative Detention in violation of Amendment IV, which protects from unreasonable searches and seizures, when the plaintiff's [sic] identification was ran [sic] through NCIC for

---

[2] The Court takes judicial notice of the dockets of Petitioner's pending criminal case in the Court of Common Pleas of Allegheny County in Com. v. Robinson, CP-02-CR-0008906-2017 (C.C.P.) available at:
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0008906-2017&dnh=iGSdERlTsvBD8wQ5DT533w%3d%3d
(site last visited April 28, 2020).

wants and warrants without the requisition [sic] of reasonable and articulable suspicion of criminal activity.

ECF No. 5 at 6.

    **GROUND TWO:** Prosecutorial and Police misconduct.

Id.

    **GROUND THREE:** Judicial Negligence.

Id.

    **GROUND FOUR:** Ineffective assistance of counsel.

Id. at 7.

By way of relief, Petitioner requests that this Court grant the Petition and order the following:

    1.) The District Attorney's Office, Principal's and Agent's, [sic] to immediately cease and desist from any further prosecution of [the Pending Charges.]

    2.) The Pennsylvania Board of Probation and Parole, to immediately lift any and all detainers on Parole Number: 047FH.

    3.) The Attorney General to appoint a special prosecutor to investigate Matthew Morrison's alleged willful acts of fraud and perjured testimony on material facts, ect. [sic] All acts of conspiracy by Principal's and Agent's known and unknown. Affiants, Todd Dolfi and Thomas Foley's willful alleged acts of fraud on the Court. Counsel of Record for the Commonwealth of Pennsylvania Stephen Zappala, Jr, for his alleged willful acts of fraud on the Court. William Petulla and Alison Bragle's alleged acts of fraud on the Court. Patrick Sweeney's alleged acts of fraud on the Court.
Also, to reopen and fully investigate Stephen Zappala Jr.'s reports on the officer involved shooting of the Plaintiff [sic] and the legality of Christopher Duncan and Matthew Morrison's discharging of their firearms.

    4.) To appoint new counsel with full rights to relitigate all issues raised.

3

      5.) Have necessary party address judicial misconduct, it if deems necessary.

Id. at 7, 25.

### B. Discussion

#### 1. Rule 4 pre-service dismissals

Even though Respondents have not been formally served with process, this Court may, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"),[3] dismiss a habeas petition if it plainly appears on its face that the petitioner is not entitled to federal habeas relief. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

---

[3] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D. Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D. Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway,157 F.Supp.2d 790 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . .").

In addition to ordering court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those court records, dockets and/or court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."). In disposing of this Petition, we take judicial notice of the proceedings in Petitioner's state court case and conclude that based on the face of the Petition and the state court records, Petitioner is not entitled to pre-trial habeas relief.

### 2. Law governing pre-trial Section 2241 petitions by state prisoners.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and Peyton v. Rowe, 391 U.S. 54 (1967)). A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the *judgment* of a state court. See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001). When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241. Moore, 515 F.2d at 441-43; 1-5 R. Hertz & J. Liebman FEDERAL HABEAS PRACTICE AND PROCEDURE § 5.3 n.6 (Nov. 2011) (collecting cases). Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

While the Court has jurisdiction under Section 2241 to entertain Petitioner's pretrial habeas corpus petition, a state pretrial detainee who seeks federal habeas relief must generally first exhaust his state court remedies. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law ... as to claims brought under 28 U.S.C. § 2241.") (*citing* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). In order to exhaust a federal claim, a petitioner must "fairly present" his federal claims to each level of the state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). It is the petitioner's burden to demonstrate that he raised the claim in the proper state forums through the proper vehicle, not just that he raised a federal constitutional claim before a state court at some point. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a petitioner must have presented a claim through the "established" means of presenting a claim in state court at the time); Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review). In Moore, the Third Circuit instructed "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are present*." Id. at 443 (emphasis added).

Second, where state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1981). Moore, 515 F.2d at 447-48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial

in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).  If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised.  Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances."  Id.; Moore, 515 F.2d at 448.  See also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Younger abstention (July 2012).

### 3. Petitioner fails to show that he exhausted any of his claims.

In habeas cases, including Section 2241 petitions, a petitioner bears the burden of showing that he has exhausted state court remedies. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). ("The habeas petitioner has the burden of proving exhaustion of all available state remedies."); Amlak v. Vasquez, 952 F.2d 1399 (9th Cir. 1992) ("This court has held that a petitioner has the burden of alleging exhaustion in his habeas petition.").  Here, Petitioner has not even asserted that he exhausted his state court remedies, yet alone, demonstrated exhaustion of those remedies.  Furthermore, a review of the form Petition, which Petitioner utilized, and which included questions regarding exhaustion, shows that Petitioner left unanswered the questions regarding exhaustion.  ECF No. 5 at 2 – 5.  Based on Petitioner's failure to establish exhaustion, the instant Petition should be dismissed.

### 4. Petitioner fails to show extraordinary circumstances.

Moreover, even if Petitioner did argue that exhaustion was satisfied or should be excused, Petitioner cannot show "extraordinary circumstances," as is his burden, in order to proceed.  See Moore v. DeYoung, 515 F.2d at 447  ("Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition.")(footnote omitted);  Lee v. Pennsylvania, CV 17-3760, 2017 WL 6045966, at *3 (E.D. Pa. Nov. 8, 2017) ("Petitioner has not demonstrated that any extraordinary circumstances exist to warrant this Court's intervention at this time."), *report and recommendation adopted*, CV 17-3760, 2017 WL 6039706 (E.D. Pa. Dec. 5, 2017).

Here, there is an ongoing state judicial proceeding, as Petitioner is a defendant in a state criminal prosecution, and it is clear that granting his request for relief would interfere with those state court proceedings.  In addition, the state's criminal case against him undoubtedly implicates the important state interests of the  enforcement of its criminal laws.  Finally, Petitioner does have the opportunity to raise constitutional claims in the context of his state criminal proceedings in the Court of Common Pleas of Allegheny County and the Pennsylvania Superior Court.  Thus, Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention.  Furthermore, Petitioner fails to even argue, yet alone show, as is his burden, any "extraordinary circumstance" so as to merit pre-trial habeas relief in federal court.

It is true that in his Petition, Petitioner alleges, *inter alia*, prosecutorial misconduct, and perjury by the police officers in the course of his preliminary hearing and lying by the police officers in their affidavits of probable cause and improprieties in the proceedings before the state magisterial district judge (i.e., Ground Three asserting "judicial negligence").  However, such

allegations as these and even worse, have not been found sufficient to constitute "extraordinary circumstances" or "special circumstances" within the meaning of Section 2241 jurisprudence so as to merit the grant of a pretrial Section 2241 petition. See, e.g., Davis v. South Carolina, 9:07-CV-03621, 2008 WL 154126, at *3 (D.S.C. Jan. 14, 2008) (dismissing pre-service a Section 2241 petition and finding no extraordinary circumstances where "[t]he petition for federal habeas relief in this case states the grounds for habeas relief as denial of Due Process, denial of access to the courts, false arrest, false imprisonment and illegal detention in violation of the 4th, 5th, 6th, 8th and 14th Amendments. Petitioner claims denial of due process based on the state court's refusal to file his state habeas corpus petitions. Petitioner claims denial of access to the courts based on interference with outgoing mail and failure to deliver incoming mail, which caused him to miss a Court deadline. Petitioner's third ground for false arrest, false imprisonment and illegal detention are based on alleged evidence the crime charged was not committed. Petitioner's fourth ground claims prosecutorial misconduct, denial of a fair trial and denial of a speedy trial."). Indeed, the Court in Davis concluded that "where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown." Id. (*citing* Moore v. DeYoung, 515 F.2d at 449). See also In re JJ. of Super. Ct. Dept. of Massachusetts Tr. Ct., 218 F.3d 11, 19 (1st Cir. 2000) (finding no extraordinary circumstances justifying a pre-trial Section 2241 petition, where there was an allegation that the prosecutors were engaged in a conflict of interest or bias because their prosecution of the defendants for insurance fraud involved a statutory scheme whereby the prosecutor's office was funded in part by the insurance carriers: "With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings, and this case does not present the kind of

'special circumstances' which might require a different result."); Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (finding no extraordinary circumstances where the Petitioner alleged "that the court unlawfully conspired with his retained counsel and the prosecutor to remove affidavits from the record, and that the state court lost jurisdiction of his case as a result of this conspiracy. According to Olsson, this conspiracy forced him to fire his retained attorney, thus denying him his Sixth Amendment right to counsel. He also argues that the court violated his speedy-trial rights in two ways."); Brown v. Bolton, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010) (the court denied the Section 2241 pre-trial petition, finding no special circumstances where the petitioner Brown alleged that he had been given no probable cause hearing at all, that the prosecution had introduced perjured testimony to get an indictment, and that he was being prosecuted despite proof of an alibi).

Accordingly, Petitioner's failure to argue that he comes within the extraordinary circumstances test, yet alone assert any facts that might constitute extraordinary circumstances, so as to carry his burden to merit pre-trial federal habeas relief, the Petition should be denied.

### III.  CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the instant Petition be dismiss pre-service for failure to exhaust state court remedies and for failure to establish extraordinary circumstances.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.

Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                      Respectfully submitted,

Date:  April 28, 2020                        ***/s/ Maureen P. Kelly***
                                                  MAUREEN P. KELLY
                                                  UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Marilyn J. Horan

        TODD ANTHONY ROBINSON
        53930
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219