IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ANTHONY ROBINSON also known
as Todd Anthony Glover,
　　　　Petitioner,

v.

ORLANDO HARPER,
　　　　Respondent.

Civil Action No. 20-376
District Judge Marilyn J. Horan / Magistrate Judge Maureen P. Kelly

## CERTIFICATE OF APPEALABILITY

AND NOW COMES, the Petitioner, Todd Anthony Robinson, (Hereinafter "Petitioner") respectfully requesting a certificate of appealability to reexamine the facts represented in Petitioner Objections illuminating that Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner has brought before the Magistrate Judge Maureen P. Kelly by way of a Petition of Writ of Habeas Corpus 28 U.S.C. § 2241, as a state pretrial detainee;

(1)

Constitutional Right violations that are being denied to Petitioner by state court based on violations of the Pennsylvania Rules of Criminal Procedures through Ineffective Assistance of Counsel procedurally defaulting Petitioner's claims exhausting his state remedies and further providing extraordinary circumstances.

    Placed infront of District Judge Marilyn J. Horan for review was Magistrate Judge Kelly's April 8, 2020, Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be dismissed pre-service pursuant to Habeas Rule 4. Petitioner was informed that he could file objection by May 15, 2020, which objections was timely filed and accepted by the District Court.

    On June 1, 2020, after a de Novo review of the record, the Report and Recommendation, and Petitioner's Objections thereto, the Petition for Writ of Habeas Corpus was denied pre-service and a certificate of appealability was denied.

(2)

The Petitioner now aver the following facts to move the Court to grant Petitioner the right to appeal the pre-service dismissal to prevent a fundamental miscarriage of justice in the state court who's errors are egregious in nature denying Petitioner constitutional rights to a fair proceeding and a fair trial.

"Where a claim was presented to the State Court or was presented but not considered biased upon a state procedural rule that was both independent of the federal question presented and adequate to support the denial of relief, the petitioner is considered to have defaulted that claim. See e.g., Coleman v. Thompson 501 U.S. 722, 749 (1991). Such a claim cannot provide a basis for federal habeas relief unless the petitioner can show " cause for the default, and actual prejudice as a result of the alleged violation of federal law, or [unless he] demonstrate that failure to consider the claims will result in a fundamental

(3)

miscarriage of justice" Id at 750 – 2019 U.S. Dist. LEXIS 77178 Congo v. Cty of Phila.

Petitioner showed cause for the default as pretrial Ineffective Assistance of Counsel that is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. Further, Petitioner showed actual prejudice through actions and inactions of attorney's, also expressed in objections, are violations of federal law such as Petitioner's Fifth Amendment Right to due process, Sixth Amendment Right to [ ] Assistance of Counsel, and Fourteenth Amendment Right to equal protection of the laws.

"In order to demonstrate cause, the Petitioner must show that "some objective factor external to the defense impeded [the Petitioner's] efforts to comply with the state's procedural rule" [Coleman v. Thompson

(4)

501 U.S. 722, 753]. Examples of suitable cause includes: (1.) A showing that the factual or legal basis for a claim was not reasonably available; (2.) A showing that some interference by state officials made compliance with the state procedural rule impractical; And (3.) Attorney error that constitutes ineffective assistance of counsel. id at 753-54 - 2018 U.S. Dist. LEXIS 48408 Mack v. Lawson.-

## CONCLUSION

The grant of the Certificate Of Appealability prevents the result of a fundamental miscarriage of justice through the presentation of fabricated evidence to the fact-finder, denying the Petitioner a fair trial guaranteed by the United States Constitution: Amendment VI..

" irreparable injury is "both great and immediate" Younger 410 U.S. at 46, where the state law is flagrantly and patently violative express Constitution prohibitions." Id at 53 or where there is A strong showing of

(5)

"bad faith, harassment, or ... other unusual circumstance that would call for equitable relief" id at 54"
- 2012 U.S. Dist. LEXIS 151047 Wallace v. Keen -

WHEREFORE, Petitioner respectfully moves the Court based on the aforementioned to grant his certificate of appealability in the interests of justice to prevent a fundamental miscarriage of justice rooted in actual innocence which is factual innocence

Date: June 14, 2020

Respectfully submitted,
Todd Anthony Robinson
Todd Anthony Robinson

(6)